FILED
SUPERIOR COURT
OF GUAM

2024 JUN 12 PM 8: 04

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0447-23** |
| vs. | |
| RICHARD Y. YBANEZ, | DECISION AND ORDER DENYING |
| JENNIFER BADAR CRUZ., | THE OAG'S STATEMENT OF |
| ALEJO C. SABLAN, | OBJECTION 7 GCA § 6107 |
| KEVIN J.T. SUSUICO, | AND MOTION TO DISQUALIFY |
| ANTHONY P. CHARGUALAF, | |
| Defendants. | |

## INTRODUCTION

This matter is before the Honorable Maria T. Cenzon upon the Office of the Attorney General's (the "Office of the Attorney General" or the "OAG") Statement of Objection 7 GCA § 6107 and Motion to Disqualify (the "Objection"). The OAG objects to the Honorable Alberto E. Tolentino's (hereinafter "Judge Tolentino") competency to preside over the above-captioned matter under 7 GCA § 6105 and requests his disqualification pursuant to 7 GCA § 6107.

Having considered the Objection and Answer of Judge Tolentino, as well as the applicable statutes and case law and the relevant portions of the record, this Court issues the following Decision and Order **DENYING** the Office of the Attorney General's request to disqualify Judge Tolentino and reassign this case.

*People v. Ybanez et. Al,* Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 1 of 23

# PROCEDURAL AND FACTUAL BACKGROUND[1]

## A. The Recusal Decisions and Judge Tolentino's Disclosure Upon Assignment.

On July 28, 2023, the Honorable Presiding Judge Alberto C. Lamorena III (hereinafter the "Presiding Judge") was assigned to preside over this criminal case. *Ntc. of Judge Assignment* (Jul. 28, 2023). On August 22, 2023, Defendant Alejo C. Sablan ("Defendant Sablan") filed a Statement of Objection, objecting to the Presiding Judge's continued assignment in the matter. *Ntc. of Filing Stmt. of Objection 7 G.C.A. § 6107* (Aug. 22, 2023); *Stmt. of Objection* (Aug. 22, 2023). The Presiding Judge filed his Answer to Defendant Sablan's Statement of Objection on August 25, 2023, denying the allegations of bias set forth in the Objection. *Ans. To Stmt. of Objection* (Aug. 25, 2023).

The Honorable Elyze M. Iriarte ("Judge Iriarte") was assigned as recusal judge on August 28, 2023, to rule on Defendant Sablan's Objection. *Ntc. of Assignment of Recusal Judge* (Aug. 28, 2023); *Amended Ntc. of Assignment of Recusal Judge* (Aug. 28, 2023). However, on August 29, 2023, Judge Iriarte filed a "Notice" seeking reassignment of the recusal review on the basis that she was disqualified from hearing a similar Objection to the Presiding Judge's assignment in CF0446-23.[2] The Objection was then addressed by the Honorable Judge Alberto E. Tolentino ("Judge Tolentino"), who was assigned as recusal judge on August 29, 2023. *Ntc. of Assignment of Recusal Judge* (Aug. 29, 2023).

On September 8, 2023, Judge Tolentino filed a Decision and Order denying Defendant Sablan's Statement of Objection, finding that "the record is devoid of any ongoing personal or

---

[1] The above-captioned matter stems from an Indictment filed by the People on July 2, 2023, against the Defendants in this case: Richard Y. Ybanez, Jennifer Badar Cruz, Alejo C. Sablan, Kevin J.T. Susuico, and Anthony P. Chargualaf.

[2] The "Notice" issued by Judge Iriarte did not seek disqualification due to a conflict of interest in this case, but because of a disqualification specific to the attorneys who are involved in CF0446-23. In any event, the matter was reassigned.

*People v. Ybanez et. Al,* Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 2 of 23

social relationship between Judge Lamorena and AG Moylan," and determining that "a reasonable person would not find that Presiding Judge Lamorena's impartiality should "reasonably be questioned" to warrant disqualification." *Decision and Order (Disqualification Pursuant to 7 G.C.A. § 6107)* at p. 11 (Sept. 8, 2023).

On September 18, 2023, Defendant Sablan filed a Motion to Reconsider Decision and Order Denying Disqualification requesting the Court to reconsider its Decision and Order and recuse the Presiding Judge. On September 27, 2023, Judge Tolentino issued his Decision and Order denying Defendant Sablan's request for reconsideration (*Decision and Order (Def's Mot. for Reconsideration)*(Sept. 27, 2023); however, on the same date, Presiding Judge Lamorena issued a disqualification memorandum indicating factors which he declared made him disqualified to preside over this case and informing the parties that the matter would be reassigned. *Form One-- Disqualification 7 GCA § 6106 Memorandum* (Sept. 27, 2023).[3] On September 28, 2023, the Honorable Vernon P. Perez was assigned to this matter, who then recused himself from presiding over this matter on the same day.[4] Judge Tolentino was ultimately assigned to preside over this matter on September 28, 2023. *Ntc. of Judge Assignment* (Sept. 28, 2023).

On October 4, 2023, during a Status Hearing, Judge Tolentino disclosed his appointment by Governor Lou Leon Guerrero to his judicial position and indicated that he did not see a conflict which would warrant his disqualification from this matter.[5] *See Min. Entry at 11:12:37 AM* (Oct.

---

[3] In his disqualification memorandum, the Presiding Judge disclosed he had a close relationship with the Leon Guerrero family and that the relationship may present an appearance of bias and impropriety given the circumstances of the case. *See Form One – Disqualification 7 GCA § 6106 Memorandum* (Sept. 27, 2023).

[4] In his disqualification memorandum, the Honorable Vernon P. Perez disclosed his close and ongoing friendship with Defendant Ybanez as a basis for his recusal. *See Form 1 – Disqualification 7 GCA § 6106 Memorandum* (Sept. 28, 2023).

[5] The Court finds it noteworthy that the parties, including the Attorney General, did not object to this disclosure nor raise other issues of disqualification at this hearing.

*People v. Ybanez et. Al,* Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 3 of 23

4, 2023). Present at this Status Hearing on behalf of the People appeared Acting Chief Prosecutor Gloria Ann L. Rudolph ("Acting Chief Prosecutor Rudolph" or "Rudolph"). *Id.* Judge Tolentino also expressed concern for the Defendants' assertion of their rights to a speedy trial by Defendants Sablan, Richard Ybanez and Kevin James Taitague Susuico, which time has been tolled due to the filing of several motions. *Id.*

On October 5, 2023, Judge Tolentino filed a "Form Three – DISQUALIFICATION Notice of Potentially Disqualifying Facts" memorializing his earlier disclosure and compelling "[a] party who wishes to pursue my disqualification based on these facts must file their objection to competency pursuant to 7 GCA § 6107 within fourteen (14) days of the filing of this notice for such objection to be considered timely." *Form Three – Disqualification: Notice of Potentially Disqualifying Facts* (Oct. 5, 2023).[6] No objection to competency was filed based upon this disclosure.

## B. Defendant Sablan's Motion to Disqualify the Office of the Attorney General and Judge Tolentino's Decision Granting the Motion.

During the period when the question of which judge would preside over this case was pending, Defendant Sablan's Motion to Disqualify the Office of the Attorney General (the "Motion to Disqualify OAG")(filed on September 1, 2023, when Presiding Judge Lamorena was still assigned to this case) was awaiting resolution.[7] After Judge Tolentino's assignment and between the period of October 5, 2023, and May 1, 2024, he continued to hold hearings and address several pending matters, including Defendant Sablan's Motion to Disqualify OAG and a related Ex Parte Motion to Strike filed by the People at which hearing on November 6, 2023,

---

[6] The Guam Supreme Court has adopted this and other standard forms for use regarding judicial disqualification. *Re: Adoption of Judicial Disqualification Forms For Use in the Superior Court of Guam and The Supreme Court of Guam,* Supreme Court Case No. PRM13-003, Promulgation Order No. 13-003-01 (Nov. 21, 2013).

[7] All co-defendants have joined in Defendant's Motion to Disqualify the Office of the Attorney General.

*People v. Ybanez et. Al,* Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 4 of 23

Attorney General Douglas Moylan appeared before the court and presented arguments and evidence on the record. *Minutes of Ex Parte Motion Hrg. of 11/6/2023* at 8:85:47 AM (Nov. 6, 2023). Attorney General Moylan also filed, under his signature,[8] a Memorandum Supporting Renewed *Ex Parte* Application for Protective Order and Motion to Seal Proceedings on November 6, 2023. At no time during this period did any party object to Judge Tolentino's competency to preside over this case pursuant to 7 GCA § 6105.

On April 25, 2024, Judge Tolentino issued his Decision and Order granting Defendant's Motion on the basis that "the Office of the Attorney General's continued representation in this case will violate GRPC 1.7. [and t]he conflict of interest has not been mitigated by the imposition of an effective conflict wall." *Decision and Order (Mot. to Disqualify the Office of the Attorney General* at p. 17 (Apr. 25, 2024). Concurrently with Judge Tolentino's Decision granting Defendant Sablan's Motion to Disqualify OAG, the court issued an Order compelling the Office of the Attorney General to appoint a Special Prosecutor within thirty (30) days of the Order or the case would be subject to dismissal. *Order* (Apr. 25, 2024).

**C. The OAG's Objection to Judge Tolentino's Competency Pursuant to 7 GCA § 6107.**

A few days after Judge Tolentino's Decision, on May 1, 2024, the Office of the Attorney General, through Acting Chief Prosecutor Rudolph, filed a Motion to Stay Appointment of Special Prosecutor and a separate Statement of Objection 7 G.C.A. § 6107 and Motion to Disqualify seeking to disqualify Judge Tolentino. *Statement of Objection 7 G.C.A. § 6107 And Motion to Disqualify* (May 1, 2024); *Motion to Stay Appointment of Special Prosecutor* (May 1, 2024).

---

[8] The majority of the pleadings filed by the People in this case were submitted on behalf of Attorney General Douglas B. Moylan by Acting Chief Prosecutor/Acting Deputy Attorney General Gloria Ann L. Rudolph. In contrast, AG Moylan's signature is affixed to the Renewed *Ex Parte* Application.

*People v. Ybanez et. Al,* Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 5 of 23

The grounds stated for the Objection are as follows:

On October 5, 2023, Judge Alberto E. Tolentino filed a *Form Three-Disqualification, Notice of Potentially Disqualifying Facts* disclosing that he was appointed to his current position with the Judiciary of Guam by the Honorable Governor Lourdes Leon Guerrero, and that he has not represented the Governor in any personal or legal capacity. Judge Tolentino specifically did not disclose:

    a. Judge Tolentino is married to the ex-wife of Attorney General Douglas Moylan;

    b. A.G. Moylan's children with his ex-wife are the step-children of Judge Tolentino;

    c. Judge Tolentino considers his step children to be his children and treats them accordingly

*Stmt. of Objection* at 3. The OAG cite as grounds for its Objection a ruling in *People of Guam vs. Nakita T. Aguon,* Criminal Case No. CM0145-21, in which the Honorable Joseph N. Camacho, Judge *Pro Tempore,* addressed the disqualification of Judge Tolentino in that particular case, albeit after Judge Tolentino had already recused himself from the case. *See, People vs. Nakita T. Aguon,* Criminal Case No. CM0145-21, *Form One – Disqualification, 7 GCA § 6106 Memorandum* (Jan. 18, 2024); *People vs. Nakita T. Aguon,* Criminal Case No. CM0145-21, *Decision and Order Denying Mot. for Disqualification of Prosecutor* (Apr. 5, 2024).[9]

On May 13, 2024, Judge Tolentino filed his Answer to Statement of Objection ("Answer"). His response is lengthy and detailed, and the Court finds the following responses, made under penalty of perjury, particularly relevant to this Court's recusal determination:

¶ 6. That at Mr. Moylan's request, a meeting between him and the undersigned, the undersigned's chamber staff, the Administrator of the Courts, and Mr. Moylan's transition chairperson, Mr. Wilfred Aflague, occurred in December 2022;

---

[9] Defendants Alejo Sablan and Richard Y. Ybanez oppose the OAG's Objection to Judge Tolentino's competency. See, *Motion to Strike* (May 2, 2024) filed by Defendant Alejo Sablan; *Defendant Richard Y. Ybanez's Joinder in Co-Defendant Alejo C. Sablan's Motion to Strike* (May 7, 2024).

*People v. Ybanez et. Al,* Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 6 of 23

¶ 7. That at this meeting, Mr. Moylan assured me and the other members in attendance that he perceived no conflict in his election as the Attorney General and the prosecution of criminal cases before the undersigned. It was agreed that the circumstances underlying my recusal in matters that Mr. Moylan was a lawyer no longer existed, to wit: that during my term as the Magistrate judge I had routinely recused myself from all matters where Mr. Moylan was the attorney of a party before me on the basis that he was the father of my minor step-children and that the minor step-children were members of and resided in the household maintained by me and my wife and that as of even date, both step-children have now reached majority and adulthood and have been residing at their own residences in Guam and in the U.S. Mainland;

¶ 8. That Mr. Moylan made his first and only appearance ever as a lawyer in this case on November 6, 2023, and argued a couple of motions;

¶ 14. That my wife Doris L.G. Tolentino and Attorney General Moylan were divorced on June 13, 1997, and that there were two minor children at the time of the dissolution of marriage, to wit: Brandon (born 1990) and Angela (born 1992);

¶ 17. That neither Mr. Moylan nor my wife Doris are involved in any sense in co-parenting the children of their marriage as the children have been raised and provided with protection and care to ensure their healthy development into adulthood and that they are in fact adults able to conduct and make their own decisions in life;

¶ 18. That based upon the foregoing averments, the fact that Attorney General Moylan is the biological father of the undersigned's step-children provides no basis for disqualification under 7 GCA § 6105(b) or that the undersigned's "impartiality might reasonably be questioned" as required under subsection (a);

¶ 19. That "[u]nder subsection 6105 (a), what matters is not "actual bias" but "the appearance of bias." *Van Dox* at ¶ 32 (citing *Dizon v. Super. Ct. (People)*, 1998 guam 3 ¶ 10 n. 3). The appearance of bias is judged from the standard of a "reasonable person" who knows all the facts, and understands the "contexts of the jurisdictions, parties, and controversies involved," including such "realities of the Guam judicial system" as the relatively small number of lawyers in the Guam bar and "the nature of Guam families." *Id.* (citation omitted).

¶ 20. That in this matter, my wife and Mr. Moylan have been divorced for close to twenty-seven years and that the children of their marriage are adults living on their own and well over the age of majority and that no reasonable person who knows all the facts and understands the contexts of the

*People v. Ybanez et. Al,* Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 7 of 23

jurisdiction, parties and controversies involved in the Guam judicial system would conclude that there exists an appearance of bias requiring my disqualification in this matter; ... .

*Answer to Statement of Objection* (May 13, 2024).

In its Objection, the Office of the Attorney General disclosed that "in December 2022 [Attorney General Moylan] conferenced with Judge Tolentino regarding the familial relationship and future cases as Attorney General." *Objection* at p. 4. However, the OAG does not reveal the substance of this meeting, but simply proceeds to cite as support for disqualification Judge *Pro Tempore* Camacho's ruling that Judge Tolentino was disqualified in the *Aguon* case due to "the Nondisclosure by the Judge to all parties and attorneys [of the familial relationship between Judge Tolentino and Attorney General Moylan] so informed decisions as to any objections could be made." *Id.*

On May 13, 2024, this Court was assigned to address the instant Objection. *Ntc. of Assignment of Recusal Judge* (May 13, 2024). On May 15, 2024, the OAG filed a Declaration of Service attesting that Judge Tolentino was personally served with the Objection. *See* Declaration of Service (May 15, 2024).

## DISCUSSION

**A.      The Law Governing Judicial Disqualification.**

Judicial disqualifications are governed by the substantive rules of 7 GCA § 6105 and the procedural rules of 7 GCA §§ 6106 and 6107. Section 6105 defines the grounds for disqualification and enumerates them as follows:

> (a) Any Judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned, but if, following complete disclosure to all parties in the proceeding of the reasons for disqualification, all parties agree to having the Judge continue to sit in the proceedings, he or she need not disqualify himself or herself.

*People v. Ybanez et. Al*, Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 8 of 23

(b) A Judge shall also disqualify himself or herself in the following circumstances, but if, following complete disclosure to all parties in the proceeding of the reasons for his or her disqualification, all parties agree to having the Judge continue to sit in the proceedings, he or she need not disqualify himself or herself:

(1) Where he or she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he or she served as a lawyer in the matter in controversy, or a lawyer with whom he or she previously practiced law served during such association as a lawyer or either has been a material witness concerning the matter;

(3) Where he or she has served in governmental employment and in such capacity participated as counsel, advisor or material witness concerning the proceeding or, as such government employee, expressed an official opinion concerning the merits of the particular matter in controversy;

(4) Where he or she knows that he or she, individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in the subject matter in controversy or is a party to the subject matter in controversy or is a party to the proceeding, or in any other interest that could be substantially affected by the outcome of the proceeding;

(5) Where he or she or his or her spouse, or a person within the third degree of relationship to either of them, or the spouse of such person:
    (A) is a party to the proceeding, or an officer, director, or trustee of a party;
    (B) is acting as a lawyer in the proceeding;
    (C) is known by the Judge to have an interest that could be substantially affected by the outcome of the proceeding;
    (D) is to the Judge's knowledge likely to be a material witness in the proceeding.

Section 6106 compels a judge to disclose a disqualification enumerated under 6105:

Whenever a Justice or Judge shall have knowledge of any fact or facts which, *under the provisions of 6105 of this Chapter*, disqualify him or her to sit or act as such in any action or proceeding pending before him or her, it shall be his or her duty to declare the same in open court and cause a memorandum thereof to be entered in the minutes. It shall be the duty of the clerk to transmit forthwith a copy of such memorandum to each party or his

*People v. Ybanez et. Al*, Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 9 of 23

or her attorney who shall have appeared in such action or proceeding, except such parties as are presented in person or by attorney when the declaration is made.

7 GCA § 6106 (emphasis added).

If a judge fails to disclose a disqualifying factor under Section 6105, then any party to the action who as appeared in the case may raise the objection to competency. In this regard, Section 6107 provides as follows:

> Whenever a Justice or Judge who shall be disqualified under the provisions of this Chapter to sit or act as such in any action or proceeding pending before him or her neglects or fails to declare his or her disqualification in the manner provided by this Chapter, any party to such action or proceeding who has appeared therein may present to the court and file with the clerk a written statement objecting to the hearing of such matter or any trial of any issue of fact or law in such action or proceeding before such Justice or Judge, and setting forth the fact or facts constituting the ground of the disqualification of such Justice or Judge. Copies of such written statement shall forthwith be served by the presenting party on each party, or his or her attorney, who has appeared in the action or proceeding and on the Justice or Judge alleged in such statement to be disqualified.

> Within ten (10) days after the service of such statement as above provided, or ten (10) days after the filing of any statement, whichever is later in time, the Justice or Judge alleged therein to be disqualified may file with the clerk his or her consent in writing that the action or proceeding continue without him or her, or may file with the clerk his or her written answer admitting or denying any or all of the allegations contained in such statement and setting forth any additional fact or facts material or relevant to the question of his or her disqualification. The clerk shall forthwith transmit a copy of the Justice's or Judge's consent or answer to each party or his or her attorney who shall have appeared in such action or proceeding. Every such statement and every answer shall be verified in the manner prescribed for the verification of pleadings. The statement of a party objecting to the Justice or Judge on the ground of his or her disqualification shall be presented at the earliest practicable opportunity after his or her appearance and discovery of the facts constituting the ground of the Justice's or Judge's disqualification, and in any event before the commencement of the hearing of any issue of fact in the action or proceeding before such Justice or Judge.

> No Justice or Judge who shall deny his or her qualification shall hear or pass upon the question of his or her own disqualification, but in every case the question of the Justice's or Judge's disqualification shall be heard and

*People v. Ybanez et. Al*, Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 10 of 23

determined by some other Judge. The Presiding Judge, or next senior Judge, if it is the Presiding Judge's disqualification that is being requested, shall make such assignment within five (5) days after receiving from the clerk the notice that the statement of disqualification has been filed. In the case of a Justice's disqualification, the matter shall be heard by the Supreme Court constituted without the questioned Justice.

If such Judge admits his or her disqualification, or files his or her written consent that the action or proceeding be tried before another Judge, or fails to file the answer within the ten (10) days allowed, or if it shall be determined after the hearing that he or she is disqualified, the action or proceeding shall be heard and determined by another Judge of the Superior Court who is not disqualified. Such other Judge shall be assigned in the same manner as the Judge who was disqualified was assigned to hear the case initially.

If such Justice admits his or her disqualification, or files his or her written consent that the action or proceeding be tried without his or her participation, or fails to file the answer within the ten (10) days allowed, or if it shall be determined after hearing that he or she is disqualified, the action or proceeding shall be heard and determined by the Supreme Court with the participation of an Associate Justice pro tempore, appointed as provided in § 6108 of this Title.

7 GCA § 6107.

Although the record supports the disposal of the OAG's Objection on procedural grounds (which will be addressed, below), because the issue of the prior relationship between Attorney General Moylan and Judge Tolentino's spouse of nearly twenty (20) years as well as the familial ties with the adult children of Attorney General Moylan and his former spouse and Judge Tolentino continues to be raised with various results,[10] the Court shall address the substance of the Objection in the first instance.

---

[10] See, Decision and Order, *People vs. Taitingfong,* Criminal Case No. CF0024-24 (Jun. 4, 2024); and Decision and Order Denying Motion for Disqualification of Prosecutor, *People vs. Aguon,* Criminal Case No. CM0145-21 (Apr. 5, 2024). It is not within the province of this Court to review the ruling of the trial courts in these cases except to rule upon whether the decision is applicable to the facts at bar. However, the Court notes that in *People vs. Taitingfong,* Judge Tolentino was not called to testify nor was a hearing held to determine the nature of his relationship, if any, with Attorney General Moylan. The Answer filed by Judge Tolentino in CM0145-21, of which this Court may take judicial notice, did not contain the specific averments as in Paragraph 7 of his Answer herein that "that during my term as the Magistrate judge I had routinely recused myself from all matters where Mr. Moylan was the attorney of a

*People v. Ybanez et. Al,* Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 11 of 23

**1. Judge Tolentino is *not* compelled to disclose the familial connection under the clear language of Section 6105 and 6106.**

The only provision in 6105 requiring disqualification (absent a waiver following disclosure) involving the judge's spouse is 6105(b)(5) when the spouse is any of: (A) a party to the proceeding, or an officer, director, or trustee of a party; (B) is acting as a lawyer in the proceeding; (C) is known by the Judge to have an interest that could be substantially affected by the outcome of the proceeding; or, (D) is to the Judge's knowledge likely to be a material witness in the proceeding.[11]

Judge Tolentino's spouse is not a party to the proceeding, or an officer, director, or trustee of a party. She is not acting as a lawyer in the proceeding; nor known by the Judge to have an interest that could be substantially affected by the outcome of the proceeding. She is not, to the Judge's knowledge, likely to be a material witness in the proceeding. Therefore, none of these circumstances applies to Judge Tolentino to invoke the mandatory disclosure requirements of Section 6106.

The circumstances of the OAG's objection differ markedly from the circumstance in *People v. Santos,* 2018 Guam 12, where the Guam Supreme Court found that the provisions of Section 6105(b)(5)(B) were applicable. *Santos,* 2018 Guam at ¶ 17 ("We hold that absent the agreement of the parties, 7 GCA § 6105(b)(5)(B) requires a Superior Court judge, related in the third degree to the Chief Prosecutor, to disqualify herself in any criminal proceeding brought by

---

party before me on the basis that he was the father of my minor step-children and that the minor step-children were members of and resided in the household maintained by me and my wife and that as of even date, both step-children have now reached majority and adulthood and have been residing at their own residences in Guam and in the U.S. Mainland;... ." As such, the Decision is distinguished on its facts. In *Aguon,* Judge *Pro Tempore* Camacho did not have the benefit of Judge Tolentino's Answer to the Objection to competency as he had already recused himself from that case. Judge Tolentino was not called at a hearing on the Motion in that case to answer to the issue of competency.

[11] It is not contended that Attorney General Moylan falls "within the third degree of relationship" under Section 6105(b)(5) to Judge Tolentino or his spouse as her former husband.

*People v. Ybanez et. Al,* Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 12 of 23

the Office of the Attorney General because the Chief Prosecutor, even if not supervising or involved in the matter, is legally presumed to be "acting as a lawyer in the proceeding" based on his supervisory role.").

**2. Applying the "appearance of impropriety" standard, Judge Tolentino was not required to disclose under Section 6105 (a).**

Section 6105(a) requires that "Any Judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned. . . ." 7 GCA § 6105(a). In this regard, the OAG relies on Judge *Pro Tempore* Camacho's Decision in *Aguon*, Criminal Case No. CM0145-21 finding Judge Tolentino was required to disqualify himself under this statute. However, such reliance is misplaced. In that case, the court "agree[d] with Defendant that an outside observer might reasonably suspect that Judge Tolentino could not be impartial in a case involving his wife's former husband, who is the natural father of Judge Tolentino's step-children." *Decision and Order* at p. 7. This Court respectfully disagrees with the conclusion therein that Judge Tolentino was required to disclose his familial association with Attorney General Moylan primarily because this analysis fails to consider the important procedural safeguards set forth in 7 GCA § 6107, including the requirements that a *written, verified* statement identifying the facts constituting the grounds of the judge's disqualification be personally served upon the judge sought to be disqualified *and* that the judge be given an opportunity to answer to such objection. To the extent that *Aguon* required Judge Tolentino to disclose the association between himself and Attorney General Moylan and recuse himself pursuant to Section 6105(a), this Court rejects that notion for the reasons stated herein.

Instead, in considering disqualification under Section 6105(a), "what matters is not 'actual bias,' but the 'appearance of bias.'" *Van Dox* ¶ 32, citing *Dizon v. Super Ct.*, 1998 Guam 3 ¶ 8. In evaluating the OAG's claims, this Court assumes as true all evidence found in the record and

*People v. Ybanez et. Al*, Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 13 of 23

in the Objection, even if uncorroborated by additional evidence, and applies "the standard of a 'reasonable person' who knows all the facts, and understands the contexts of the jurisdictions, parties, and controversies involved. . ." *Id.* ¶ 32, quoting *Ada v. Gutierrez*, 2000 Guam 22 ¶¶ 12-13. Moreover, "[a] court should not hypothesize about what the reasonable person would believe only upon the moving party's allegations. Instead, it should decide what the reasonable person would believe about a judge's partiality given all the relevant facts in the controversy." *Ada* ¶ 12.

In contrast to the urgings of the OAG to follow *Aguon*, the Court finds persuasive a case where the Michigan Supreme Court addressed a disqualification issue in a civil case wherein recusal of the Supreme Court justices was sought merely because the spouses were employed by the office of the state Attorney General. As here, none of the justices' spouses' roles fell within those enumerated under a similar Model Code as that of Section 6105(b)(5). In denying the motion for recusal on several grounds, the Michigan Supreme Court in *Adair v. State of Michigan, Dept. of Education,* 709 N.W.2d 567, 474 Mich. 1027 (Jan. 31, 2006), addressing the "appearance of impropriety" argument, ruled that this standard only applies where there is *no* clear rule or canon that pertains to the subject matter, not where there is a specific court rule that delineates what is prohibited and what is not. They explained:

> [C]oncerning the exhortation in Canon 2 to avoid the "appearance of impropriety," this must be read in the context of Canon 3(C), which states with regard to the specific question of judicial disqualification that a judge "should raise the issue of disqualification whenever the judge has cause to believe that grounds for disqualification may exist under MCR 2.003(B)." (Emphasis added.) Thus, Canon 3(C) is specific and directly on point. The "appearance of impropriety" standard is relevant not where there are specific court rules or canons that pertain to a subject, such as judicial disqualification, but where there are *no specific court rules or canons that pertain to a subject and that delineate what is permitted and prohibited judicial conduct.* Otherwise, such specific rules and canons would be of little consequence if they could always be countermanded by the vagaries of an "appearance of impropriety" standard. Here, there are specific rules and canons that pertain to judicial disqualifications, and these must be understood as defining what does and what does not constitute an impropriety in this realm.

*People v. Ybanez et. Al,* Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 14 of 23

Moreover, even if the "appearance of impropriety" standard is relevant here—which we do not believe it to be in light of the specific commands of MCR 2.003(B) and Canon 3(C)—this standard cannot be equated with any person's perception of impropriety, lest a judge find himself or herself subject to a barrage of recusal motions on the part of any person who apprehends an impropriety, however unreasonable this apprehension. Rather, this standard must be assessed in light of what can be gleaned from existing court rules and canons, historical practices and expectations, and common sense.

*Adair v. State, Dep't of Educ.*, 474 Mich. 1027, 1038–39, 709 N.W.2d 567, 578 (2006)(emphasis added).[12]

In the instant case, the non-disclosure of the relationship complained of by the Office of the Attorney General did not fall within the specific disqualification provisions of 7 GCA § 6105(b); therefore, Judge Tolentino was not required to disclose and seek any waivers or agreements from the parties under Section 6016. As such, the Court **DENIES** the Objection of the OAG to Judge Tolentino's competency on these grounds.

### 3. Under an "objectively reasonable person" standard and considering the American Bar Association's Formal Opinion 488, Judge Tolentino was not required to disqualify himself in this case.

In its Formal Opinion 488 (Sept. 5, 2019), the American Bar Association, considering judges' obligation to disqualify themselves in proceedings in which they have social or close personal relationships with the lawyers or parties other than a spousal, domestic partner or other close family relationship, looks to Rule 2.11 of the Model Code of Judicial Conduct ("Model Code") requiring disqualification "because their impartiality might reasonably be questioned." ABA Formal Op. 488 at 1 (Sept. 5, 2019)(citing N.Y. Jud. Adv. Op. 11-125, 2011 WL 8333125 *4 (Oct. 27, 2011). In this regard, the ABA opined that "Judges are ordinarily in the best position

---

[12] Canon 2 of the Michigan Code of Judicial Conduct is virtually identical to Guam's 2004 Code of Judicial Conduct, Attachment A. Canon 3(C) mirrors that of Guam's 7 GCA § 6106 ("Duty to Disclose Disqualification"). MCR 2.003 contains nearly identical provisions to 7 GCA §§ 6105(b)(5) and 6107.

*People v. Ybanez et. Al,* Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 15 of 23

to assess whether their impartiality might reasonably be questioned when lawyers or parties with whom they have relationships...appear before them." Id. However, the ABA notes that "in smaller communities and relatively sparsely-populated judicial districts, judges may have social and personal contacts with lawyers and parties that are unavoidable. *In that circumstance, too strict a disqualification standard would be impractical to enforce and would potentially disrupt the administration of justice.*" Formal Op. 488 at 2 (emphasis added). The ABA also recognized that over time relationships change "or may have ended sufficiently far in the past that it is not a current concern when viewed objectively." Id. "Finally, judges must avoid disqualifying themselves too quickly or too often lest litigants be encouraged to use disqualification motions as a means of judge-shopping, or other judges in the same court...become overburdened." Id.

Adoping the recommendations of the ABA in its Formal Opinion 488, and, based on the objective reasonable person standard and considering the Answer filed by Judge Tolentino and the judicial community and context in which the disqualification is sought, the Court makes the following findings:

1.  That the circumstances previously requiring Judge Tolentino to disqualify himself have changed and, by Attorney General Moylan's own admission during the meeting between himself, his staff, Judge Tolentino and court staff, any conflict relating to the familial association between Judge Tolentino and Attorney General Moylan "no longer existed" (Ans. ¶ 7) and, therefore, Judge Tolentino is not required to disqualify himself under Section 6105(a);

2.  The relationship between Attorney General Moylan and Mrs. Tolentino ended in June 13, 1997 (Ans. ¶ 14); therefore, the relationship has ended sufficiently far in the past that it is not a current concern when viewed objectively;

*People v. Ybanez et. Al*, Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 16 of 23

3. Attorney General Moylan and Mrs. Tolentino's children are now grown adults living on their own (Ans. ¶¶ 7, 17), which poses another significant change in relationships;

4. Attorney General Moylan, as the biological father of Judge Tolentino's step-children Brandon and Angela, was aware of the familial association when Judge Tolentino was assigned to preside over this case in the stead of Presiding Judge Lamorena, and should have Objected timely;

5. In this small legal community in Guam and with a trial court bench consisting only of four (4) dedicated criminal court dockets, requiring Judge Tolentino, who is one of the four (4) judges assigned to the criminal docket, to disqualify himself pursuant to Section 6105(a) from all cases in which Attorney General Moylan represents the People of Guam would (a) be impractical to enforce, (b) negatively impact the efficient administration of justice, and (c) lead to judge-shopping and/or overburden other judges in the same court.[13]

For these reasons, the Court finds that Judge Tolentino was not required to disqualify himself under Section 6105(a) and DENIES the OAG's Objection.

Notwithstanding the Court's ruling that the Objection of the OAG lacks substantive legal merit, the Court also finds that the Office of the Attorney General waived its right to object under Section 6017 by failing to raise the issue "at the earliest practicable opportunity."

//

//

//

---

[13] Indeed, of the four criminal dockets, two of the other criminal judges assigned to preside over those cases – Presiding Judge Lamorena and Judge Perez – have already disqualified themselves from hearing this case.

*People v. Ybanez et. Al,* Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 17 of 23

**B. The Office of the Attorney General should have raised its Objection to Judge Tolentino's competency under Section 6107 in September, 2023, or at the latest, November 6, 2023. Having failed to do so timely, it is has waived its right to object.**

Where a judge neglects or fails to disclose his disqualification under Section 6105, 7 GCA § 6107 provides that "*any party* to such action or proceeding who has appeared therein may present to the court and file with the clerk a written statement objecting to the hearing of such matter or any trial of any issue of fact or law in such action or proceeding before such Justice or Judge, and setting forth the fact or facts constituting the ground of the disqualification of such Justice or Judge. Copies of such written statement shall forthwith be served by the presenting party on each party, or his or her attorney, who has appeared in the action or proceeding and on the Justice or Judge alleged in such statement to be disqualified."

Importantly, Section 6107 mandates that "[t]he *statement of a party* objecting to the Justice or Judge on the ground of his or her disqualification *shall be presented at the <u>earliest practicable</u> opportunity after his or her appearance and discovery of the facts constituting the ground of the Justice's or Judge's disqualification*, and *in any event before the commencement of the hearing of any issue of fact in the action or proceeding* before such Justice or Judge."[14] A party's failure to comply with any of these requirements constitutes sufficient grounds to strike or disregard the statement of objection. *People v. Johnny*, 2006 Guam 10 ¶ 11, citing *Long Term Credit Bank of Japan v. Superior Court*, 2003 Guam 10 ¶ 43. Judge Tolentino contends that the Objection was not personally served upon him nor was it verified, as required under Section 6107; however, the Court finds those procedural requirements to have been satisfied.[15] On the grounds

---

[14] 7 GCA § 6107 (emphasis added).

[15] In his Answer, Judge Tolentino challenges the validity of service "because it has not been personally served upon the undersigned nor has it been verified as required by statute. . . ." Answer at ¶ 11. Correctly, the Guam Supreme Court has held that "under section 6107, a recusal statement must be served on the judge personally, into the judge's hands." *Long Term Credit Bank of Japan*, 2003 Guam ¶ 40. The OAG subsequently filed their Declaration of Service

*People v. Ybanez et. Al,* Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 18 of 23

that the Objection was not presented at the earliest practicable opportunity, however, this Court agrees.

### 1. The Objection is procedurally defective because it was untimely filed; therefore any objection to Judge Tolentino's competency is waived.

As discussed, Section 6107 requires that the statement of a party objecting to the Judge on the ground of his disqualification shall be presented "at the earliest practicable opportunity after his or her appearance and discovery of the facts constituting the ground of the Justice's or Judge's disqualification, and in any event before the commencement of the hearing of any issue of fact in the action or proceeding before such Justice or Judge." 7 GCA § 6107 (emphasis added). The Guam Supreme Court in *Van Dox* has confirmed that statements of objection shall "be presented at the earliest practicable opportunity after discovery of the facts constituting the ground for disqualification." *Van Dox v. Super Ct. (Alcorn)*, 2008 Guam 7 ¶ 44. Thus, the controlling law in Guam "[w]ith respect to the statutory provision requiring that disqualification be urged at the 'earliest practicable opportunity,' the intention is 'clear that failure to comply with the provision constitutes a *waiver*.'" *Id.* ¶ 45 (quoting *Caminetti v. Pac. Mut. Ins. Co. of Cal.*, 139 P.2d 930, 933 (Cal. 1943)(emphasis added)). A finding of timeliness should be construed liberally in the interest of justice. *Id.* ¶ 45 (citing *Eagle Maint. & Supply Co. v. Super Ct.*, 16 Cal. Rptr. 745, 747 (Dist. Ct. App. 1961)). A timely statement of objection is made "prior to any hearing before the

---

on May 15, 2024, representing that the Objection was personally served onto Judge Tolentino. See *Declaration of Service* (May 15, 2024). Therefore, the Court finds that the Objection was personally served onto Judge Tolentino. With regard to the verification, Section 6107 requires that a statement of objection "be verified in the manner prescribed for the verification of pleadings." In *Long Term Credit Bank*, the Supreme Court indicated that a verification pursuant to 6 GCA § 4308 ("I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).") is sufficient to comply with the verification requirement of section 6107. *Id.* at fn. 16. Here, Judge Tolentino raised the issue of verification as required by statute. See Answer at ¶ 11. However, at the Objection contains the following: "I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted this 1st day of May, 2024." This declaration was signed by Gloria Ann L. Rudolph, Acting Chief Prosecutor. Therefore, the Court finds that the Objection was verified in the manner prescribed for pleadings by statute.

*People v. Ybanez et. Al*, Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 19 of 23

challenged judge in the matter." *Id.* ¶ 46 (citing *Hollingsworth*, 236 Cal. Rptr. at 195-96). *Van Dox* also cites to *People v. Panah*, where the court held a disqualification untimely because the facts of the case were known in early September, but the moving party waited until the eve of trial in November to move for disqualification. *Id.* ¶ 46 (citing *People v. Panah*, 107 P.3d 790, 824).

More recently, in *People v. Wia*, 2020 Guam 17, the Guam Supreme Court applied the "silence-by-waiver" rule adopted in *San Union, Inc. v. Arnold*, 2017 Guam 10, and held that "[r]ather than interpreting "agree" to mean that the parties must expressly agree to waive the judge's disqualification, we held that remaining silent constitutes waiver, at least in the context of 7 GCA § 6105(a), "[t]o avoid the possibility of parties 'l[ying] in wait, raising the recusal issue only after learning the court's ruling on the merits.' " *Id.* (quoting *Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1472 (11th Cir. 1986), *cert. denied*, 481 U.S. 1016 (1987)). Thus, Guam does allow waiver of Section 6105(b) conflicts. Id. at ¶ 29. *See also, Charette v. Charette*, 60 A.3d 1264, 1270-1271 (Maine 2013)(judge who had hired a party's brother-in-law to do construction work for him and whose daughter was close friends with the same party's daughter should have raised an objection based upon the appearance of impropriety before the court issued a judgment unfavorable to him; the appellate court finding that the facts were known to the party because they occurred over the course of twenty-seven years while all were living in the same small community).

In his Answer, Judge Tolentino raised the issue of timeliness, stating "[t]hat neither Mr. Moylan nor the Office of the Attorney General had ever challenged or objected to me presiding over this case until the statement of objection and motion to disqualify. . ." *Answer* at ¶ 9. Judge Tolentino was assigned to this matter on September 28, 2023, nearly eight months before the OAG filed their Objection on May 1, 2024. Indeed, the OAG had the opportunity to raise the

*People v. Ybanez et. Al*, Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 20 of 23

issue upon Judge Tolentino's assignment and subsequently during Judge Tolentino's disclosure of potentially disqualifying facts at the October 4, 2023, status hearing. Additionally, Judge Tolentino has presided over numerous hearings and made equally numerous decisions over the eight-month period.

Timeliness also weighs heavily against the OAG considering the disclosure by *both* the OAG in its Objection and Judge Tolentino in his Answer that any disqualification based upon the familial association involving Attorney General Moylan's adult children/Judge Tolentino's adult step-children and Attorney General Moylan's former wife/Judge Tolentino's wife of nearly 20 years was addressed at a meeting in December 2022, where Attorney General Moylan agreed that there was no longer any conflict of interest which would adversely affect Judge Tolentino's ability to preside over cases in which Attorney General Moylan, as the Attorney General of Guam, was involved. *See* Answer at ¶¶ 6-7; *see also* Objection at p. 4. At the latest, the OAG should have raised the objection to competency prior to Attorney General Moylan addressing the court during the November 6, 2023, hearing on the Motion to Strike. For there can be no better "party" under Section 6107 to raise the issue of disqualification based on the specific familial association than Attorney General Moylan, who is an integral part of that familial tie. Having failed to timely raise the objection, *People v. Wia*, 2020 Guam 17, ¶ 28 (Guam Sept. 21, 2020), supports a finding in this case that the OAG has waived any potential disqualification.

The timing of the OAG's Objection is further suspect because it comes on the heels of Judge Tolentino's Decision and Order issued on April 25, 2024, granting Defendant Sablan's Motion to Disqualify the Office of the Attorney General and mandating that a special prosecutor be appointed. This is precisely the circumstance that the Guam Supreme Court in *Wia* has

*People v. Ybanez et. Al*, Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 21 of 23

prohibited, i.e. to avoid the possibility of the parties "lying in wait" and raising recusal only after a party is dissatisfied with a pending ruling.

In *Charette v. Charette, supra,* the Supreme Court of Maine agreed with the trial court's assessment of how to handle the question of potential judicial bias and disqualification when the trial court said:

> It is an unavoidable fact of litigation in small Maine communities that a judge, or members of his or her family, may know of a party, or a witness, or someone related to a party or a witness, or may even have done business with somebody whose name may come up in a case. If any such affiliation should cause any concern whatsoever on the part of a litigant or their attorney, the matter should be immediately brought to the attention of the court to be addressed without delay. The court, similarly, will endeavor to fully disclose relevant relationships if the court has the impression that the relationship might reasonably cause the judge's impartiality to be questioned....
>
> We all—the judge, the clerks, security personnel, court staff, as well as attorneys and their staff—have a responsibility to promote and preserve the integrity of our legal system by avoiding impropriety and appearances of impropriety. The need for openness is particularly acute in rural communities where judges, prior to their service on the bench, may have been active community members with widespread contacts in the community. The responsibility we share includes bringing matters such as the concerns expressed by the defendant's attorney ... to everyone's attention in a timely manner, to provide the best opportunity for the litigant's confidence in our legal process to be preserved and enhanced. When such matters are only raised at the end of the litigation, we run the risk that the litigants' confidence in our legal system will be undermined.

*Charette v. Charette,* 60 A.3d 1264, 1271–72. Indeed, this rationale is applicable in a small community such as Guam.

Thus, in addition to finding that Judge Tolentino was not required to raise the issue of any familial association between himself and Attorney General Moylan under Section 6105(a) or Section 6105(b), the Court finds that the OAG's Objection under 6107 is procedurally defective because it was untimely filed. On this further basis the OAG's Objection is DENIED.

*People v. Ybanez et. Al,* Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 22 of 23

## CONCLUSION

This Court finds that Judge Tolentino is not disqualified under 7 GCA § 6105(a) or (b) from presiding over this case on the grounds that he has a familial association with Attorney General Moylan based upon Judge Tolentino's relationship with Attorney General Moylan's biological children and his former wife. Even if there were such grounds for disclosure or disqualification, which this Court has found there are none, the untimely Objection filed by the Office of the Attorney General constitutes a waiver of any disqualifying factor enumerated under Section 6105.

For the reasons stated herein, the OAG's Statement of Objection and Motion to Disqualify is DENIED.

**SO ORDERED** this 12th day of June, 2024.

_____
**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

*People v. Ybanez et. Al,* Criminal Case No. CF0447-23
Decision and Order Denying the OAG's Statement of Objection 7 GCA § 6107 and Motion to Disqualify
Page 23 of 23